Ttjexey, J.
delivered the opinion of the court.
This is an action brought by the Corporation of Nashville to recover from the plain tiff in error, a penalty of fifty dollars, for having opened a theatre and exhibited plays within the limits of the city without having obtained from the corporate authorities a license therefor. And the question is, as to the power of corporations to inflict the penalty for so doing. The law of the Corporation under which the suit is brought, was passed on the 19th of November, 1836, (city laws, 35,) and clearly warrants a recovery, provided the Corporation had power to pass it. To enable it to have done so, the power must have been conferred by legislative authority. The town of Nashville was incorporated by the act of 1806, ch. 33, in the 2d section of which, among other things, the power is given to the Corporation to provide for “licensing, regulating, or restraining theatrical or other public amusements within the town.” This it is admitted is sufficient to sustain this action, provided the power thus given has not been withdrawn by subsequent enactments; but it is contended that this has been done by the 2d section of the act of 1819, ch. 51. The title of that act is an “act laying a tax on shows,” and it is provided in the 2d section, that “nothing therein contained, nor in any other act then in force and use in the State, shall be construed so as to tax or prohibit any concerts or any theatrical exhibition.” The legislature were making provisions in this statute for revenue for State purposes, and chose to exempt concerts and theatres, not only from its operations, but likewise from all others of a like nature, if there were any that embraced them by construction or otherwise. That is, the legislature did not choose to raise a revenue from concerts or theatres. But how can it be contended that this exemption repealed the power previously granted to the Corporation to regulate, license and restrain them. When the power was granted, the State did not tax them, neither does it now. How is the Corporation then in a differ *68 ent position at present, from what it was when enacted?' Upon this subject thestatute of 1819 exempted them from the operation of any law taxing them. There was no law previous to 1819 which could, by any rule of construction, be made to tax them. The act of incorporation, passed in 1806, is not a taxing law, it is only a law conferring upon the Corporation the power to tax, and, therefore, cannot be operated upon by the 2d section of the act of 1819. The law of incorporation which levies the tax, was passed in 1836, and is, therefore, most clearly out of the operation of the act of 1819, if that act could be held to have repealed the law of the Corporation if it had been previously passed. We are, therefore, of the opinion that the judgment of the Circuit court should be affirmed.